Model Plan                                                    Trustee:  ☐ Marshall    ☐ Meyer
11/22/2013                                                              ☐ Stearns      ■ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

|   |   |   |
|---|---|---|
| **In re:** | ) | **Case No. 16-02930** |
|  | ) |  |
| **Patricia Ann Borchardt** | ) |  |
|  | ) |  |
| **Debtors.** | ) | **Modified Chapter 13 Plan, dated 3/16/16** |

■       A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**
***Budget items***

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is _1_; (b) their ages are _51_; (c) total household monthly income is $ _2,533.94_; and (d) total monthly household expenses are $ _2,223.00_, leaving $ _310.94_ available monthly for plan payments.

2. The debtor's Schedule J includes $ _25.00_ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ____ months prior to filing this case.

**Section B.**
***General item*s**

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**1**

Software Copyright (c) 1996-2016  Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Section C.**
***Direct payment of claims by debtor***

■   The debtor will make no direct payments to creditors holding prepetition claims. */or/*

☐   The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor:   -NONE-_____ , monthly payment, $ _____

**Section D.**
***Payments by debtor to the trustee; plan term and completion***

1. *Initial plan term*. The debtor will pay to the trustee $ **310.00** monthly for **60** months [and $ **____** monthly for an additional **____** months], for total payments, during the initial plan term, of $ **18,600.00** . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan */or/*
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
***Disbursements by the trustee***

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ **930.00** . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**2**

(a) Creditor: __Capital One Auto Finance__          Collateral:__2007 Honda Civic 95,500 miles__
                                                                         __Value Per KBB, PPV__

Amount of secured claim: $__6,182.00__ APR __4.25__%      Fixed monthly payment:$__183.21__;
Total estimated payments, including interest, on the claim: $__6,595.41__. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be
$__6,595.41__. [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.*  The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority.  No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $__2,420.00__. [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee.  Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $__0.00__. [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:___-NONE-___ shall be paid at ___N/A___% of the allowed amount. The total of all payments to this special class is estimated to be $___N/A___. [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____.

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than __22__% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

**3**

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ □ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___**N/A**___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
***Priority***

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
***Special terms***

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
***Summary of payments to and from the trustee***

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)        $        18,600.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

| | | |
|---|---|---|
| (a) Trustee's fees | $ | 930.00 |
| (b) Current mortgage payments | $ | 0.00 |
| (c) Payments of other allowed secured claims | $ | 6,595.41 |
| (d) Priority payments to debtor's attorney | $ | 2,420.00 |
| (e) Payments of mortgage arrears | $ | 0.00 |
| (f) Payments of non-attorney priority claims | $ | 0.00 |
| (g) Payments of specially classified unsecured claims | $ | 0.00 |
| (h) Total [add Lines 2a through 2g] | $ | 9,945.41 |

(3) Estimated payments available for GUCs and interest during initial plan term [subtract Line 2h from Line 1]        $        8,654.59

(4) Estimated payments required after initial plan term:

| | | |
|---|---|---|
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ | 39,161.18 |
| (b) Minimum GUC payment percentage | | 22 % |
| (c) Estimated minimum GUC payment [multiply line 4a by line 4b] | $ | 8,615.46 |
| (d) Estimated interest payments on unsecured claims | $ | 0.00 |
| (e) Total of GUC and interest payments [add Lines 4c and 4d] | $ | 8,615.46 |
| (f) Payments available during initial term [enter Line 3] | $ | 8,654.59 |
| (g) Additional payments required [subtract Line 4f from Line 4e] | $ | -39.13 |

(5) Additional payments available:

| | | |
|---|---|---|
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ | N/A |
| (b) Months in maximum plan term after initial term | | N/A |
| (c) Payments available [multiply line 5a by line 5b] | $ | N/A |

**4**

**Section I.**
*Payroll*
*Control*

☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**   **Debtor(s) [Sign only if not represented by an attorney]**

_____   _____   **Date** _____

**Debtor's Attorney**   /s/ Penelope Bach   **Date** March 16, 2016
_____

*Attorney Information*
*(name, address,*
*telephone, etc.)*

Penelope Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523
630-575-8181
Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

1. Debtor shall surrender the 2015 Kia Forte to Ally Financial in full satisfation of its claims.

5

United States Bankruptcy Court
Northern District of Illinois

In re:                                                              Case No. 16-02930-JSB
Patricia Ann Borchardt                                             Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1        User: cmendoza1        Page 1 of 2        Date Rcvd: Mar 17, 2016
                           Form ID: pdf003         Total Noticed: 66

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 19, 2016.
```
db           +Patricia Ann Borchardt,    3300 Wren Lane,   Rolling Meadows, IL 60008-2763
24158489     +Arlington Ridge Pathology,    520 E. 22nd Stret,   Lombard, IL 60148-6110
24158488     +Arlington Ridge Pathology,    800 W. Central Road,   Arlington Heights, IL 60005-2349
24158490     +Arnold Scott Harris, P.C,    111 West Jackson Boulevard, Suite 600,   Chicago, IL 60604-3517
24158492     +Arnold Scott Harris, P.C,    222 Merchandise Mart Plaza, Suite 1932,   Chicago, IL 60654-1420
24158491     +Arnold Scott Harris, P.C.,    PO Box 5625,   Chicago, IL 60680-5625
24158493     +Bakal Dermatology Associates, S.C.,    1786 Moon Lake Boulevard, #100,
              Hoffman Estates, IL 60169-1016
24158494     +Best Buy Co., Inc,    Bureaus Investment Group,   PO Box 17298,   Baltimore, MD 21297-1298
24158495     +Best Buy/HSBC Retail,    P.O. Box 17298,   Baltimore, MD 21297-1298
24158502      CCI,   Contract Callers I,   Augusta, GA 30901
24158503     +CCI - Contract Callers,    501 Greene Street, 3rd FL, Suite 302,   Augusta, GA 30901-4415
24158496     +Capital One,   Attn: Bankruptcy,    Po Box 30285,   Salt Lake City, UT 84130-0285
24158498     +Capital One Auto Finance,    1680 Capital One Drive,   Mc Lean, VA 22102-3407
24318427      Capital One Bank (USA), N.A.,    by American InfoSource LP as agent,   PO Box 71083,
              Charlotte, NC 28272-1083
24158501     +Capital One, N.A.,    1680 Capital One Drive,   Mc Lean, VA 22102-3407
24158504     +City of Chicago,   Department of Streets and Sanitation,    121 N. LaSalle Street, Room 700,
              Chicago, IL 60602-1246
24158505     +City of Chicago,    3510 S. Michigan,   Chicago, IL 60653-1020
24158509     +City of Chicago,   Chicago Police Department,    3510 S. Michigan Avenue,
              Chicago, IL 60653-1020
24158506     +City of Chicago,   Deparrtment of Revenue,    PO Bos 88292,   Chicago, IL 60680-1292
24158508     +City of Chicago,   Department of Finance,    33589 Treasury Center,   Chicago, IL 60694-3500
24158512     +Dynamic Recovery Solutions,    PO Box 25759,   Greenville, SC 29616-0759
24158513      Equifax Information Services, LLC,    1550 Peachtree Street NW,   Atlanta, GA 30309
24158514     +Experian Information Solutions, Inc.,    475 Anton Boulevard,   Costa Mesa, CA 92626-7037
24158515     +Ford Motor Co,   PO Box 6045,   Dearborn, MI 48121-6045
24158516     +Ford Motor Credit,    PO Box 790093,   Saint Louis, MO 63179-0093
24158519     +Global Network,    5320 College Boulevard,   Shawnee Missio, KS 66211-1621
24158527     +HSBC,   Attn: CLM FAP,    2929 Walden Avenue,   Depew, NY 14043-2690
24158528     +HSBC,   One HSBC Center,   Buffalo, NY 14203-2842
24158526     #+HSBC,   Po Box 5213,   Carol Stream, IL 60197-5213
24158529     +HSBC Bank Nevada, N.A.,    Attn: Bankruptcy,    Po Box 5213,   Carol Stream, IL 60197-5213
24208880     +Harley-Davidson Credit Corp.,    PO Box 9013,   Addison, TX 75001-9013
24158522     +Harley-Davison Motor Company,    3700 W. Juneau Avenue,   Milwaukee, WI 53208-2865
24158523     +Harris,   Harris & Harris, Ltd.,    111 W Jackson Boulevard, #400,   Chicago, IL 60604-4135
24158524     +Harris & Harris Ltd.,    222 Merchandise Mart Plaza, Suite 1900,   Chicago, IL 60654-1421
24158525     +Harris & Harris, Ltd.,    111 West Jackson Boulevard, Suite 400,   Chicago, IL 60604-4135
24158531     +Northwest Community Hospital,    800 Central Road,   Arlington Heights, IL 60005-2349
24158534     +Scott D. Glazer,    600 W. Lake Cook Rd, Suite 11,   Buffalo Grove, IL 60089-2089
24158535     +Sec Check,    2653 West Oxford Loop,   Suite 108,   Oxford, MS 38655-2929
24158536     +Security Credit Services,    2653 W. Oxford Loop,   Oxford, MS 38655-5442
24163068      Security Credit Services, LLC,    c/o Five Lakes Agency, Inc.,   P.O. Box 80730,
              Rochester, MI 48308-0730
24158537     #+Tamara Woodruff,    3300 Wren Lane,   Rolling Meadows, IL 60008-2763
24158538     +Trans Union LLC,    P.O. Box 2000,   Chester, PA 19022-2000
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
24158487     +E-mail/Text: ally@ebn.phinsolutions.com Mar 18 2016 00:48:11    Ally Financial,   PO Box 8123,
              Cockeysville, MD 21030-8123
24158484     +E-mail/Text: ally@ebn.phinsolutions.com Mar 18 2016 00:48:11    Ally Financial,
              Po Box 380901,   Bloomington, MN 55438-0901
24171843      E-mail/Text: ally@ebn.phinsolutions.com Mar 18 2016 00:48:11    Ally Financial,
              PO Box 130424,   Roseville MN 55113-0004
24158486      E-mail/Text: ally@ebn.phinsolutions.com Mar 18 2016 00:48:11    Ally Financial,
              PO Box 9001951,   Louisville, KY 40290-1951
24158485     +E-mail/Text: ally@ebn.phinsolutions.com Mar 18 2016 00:48:11    Ally Financial,
              200 Renaissance Center,   Detroit, MI 48243-1300
24180323     +E-mail/PDF: ebnnotices@ascensioncapitalgroup.com Mar 18 2016 01:41:25
              Capital One Auto Finance,   c/o Ascension Capital Group,    P.O. Box 201347,
              Arlington, TX 76006-1347
24158497     +E-mail/Text: coafinternalbkteam@capitaloneauto.com Mar 18 2016 00:50:49
              Capital One Auto Finance,    7933 Preston Road,   Plano, TX 75024-2302
24158499     +E-mail/Text: coafinternalbkteam@capitaloneauto.com Mar 18 2016 00:50:49
              Capital One Auto Finance,    3905 N, Dallas Parkway,   Plano, TX 75093-7892
24169539     +E-mail/PDF: ebnnotices@ascensioncapitalgroup.com Mar 18 2016 01:40:44
              Capital One Auto Finance, a division of Capital On,    P.O. Box 201347,
              Arlington, TX 76006-1347
24158500     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Mar 18 2016 00:52:50    Capital One, N.A. *,
              c/o American Infosource,   P.O. Box 54529,   Oklahoma City, OK 73154-1529
24158511     +E-mail/Text: legalcollections@comed.com Mar 18 2016 00:50:17    Comed,   Po Box 6111,
              Carol Stream, IL 60197-6111
```

```
District/off: 0752-1          User: cmendoza1          Page 2 of 2          Date Rcvd: Mar 17, 2016
                              Form ID: pdf003          Total Noticed: 66
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
24158510      +E-mail/Text: legalcollections@comed.com Mar 18 2016 00:50:17      Comed,  Po Box 87522,
               Chicago, IL 60680-0522
24263815      +E-mail/Text: legalcollections@comed.com Mar 18 2016 00:50:17      Commonwealth Edison Company,
               3 Lincoln Center,   Attn: Bankruptcy Department,   Oakbrook Terrace, IL 60181-4204
24158517      +E-mail/Text: admin@forestrecoveryservices.com Mar 18 2016 00:50:37      Forest Recovery Service,
               Po Box 83,   Barrington, IL 60011-0083
24158518      +E-mail/Text: admin@forestrecoveryservices.com Mar 18 2016 00:50:37      Forest Recovery Services,
               117 S. Cook Street,   Barrington, IL 60010-4311
24158520      +E-mail/Text: bankruptcy.notices@hdfsi.com Mar 18 2016 00:50:31      Harley Davidson Financial,
               Po Box 21829,   Carson City, NV 89721-1829
24158521      +E-mail/Text: bankruptcy.notices@hdfsi.com Mar 18 2016 00:50:31
               Harley-Davidson Financial Services,   222 W. Adams Street, Suite 2000,
               Chicago, IL 60606-5307
24158530      +E-mail/Text: kpopernik@lakecookortho.com Mar 18 2016 00:50:40      Lake Cook Orthopedics,
               27401 W. State Route 22, Suite 125,   Barrington, IL 60010-5934
24158533      +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Mar 18 2016 00:58:16      Regional Acceptance Co,
               BK Section,   266 Beacon Drive,   Winterville, NC 28590-7924
24158532      +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Mar 18 2016 00:58:16      Regional Acceptance Co,
               304 Kellm Road,   Virginia Beach, VA 23462-2712
24170048       E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Mar 18 2016 00:58:16      Regional Acceptance Corporation,
               PO Box 1847,   Wilson, NC 27894-1847
24158539      +E-mail/Text: BKRMailOps@weltman.com Mar 18 2016 00:49:24      Weltman, Weinberg & Reis,
               175 South 3rd Street, Suite 900,   Columbus, OH 43215-5166
24158540      +E-mail/Text: BKRMailOps@weltman.com Mar 18 2016 00:49:24
               Weltman, Weinberg & Reis Co., L.P.A.,   323 W. Lakeside Avenue, Suite 200,
               Cleveland, OH 44113-1009
24158541      +E-mail/Text: BKRMailOps@weltman.com Mar 18 2016 00:49:24      Weltman, Weinberg & Reis Co., LPA,
               180 North LaSalle Street, Suite 2400,   Chicago, IL 60601-2704
                                                                          TOTAL: 24

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
24158507      ##+City of Chicago,   33 N. LaSalle Street, Suite 700,   Chicago, IL 60602-3421
                                                                 TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 19, 2016                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 16, 2016 at the address(es) listed below:
```
          Jennifer M Rinn   on behalf of Creditor   Capital One Auto Finance JenniferR@kropik.net
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
          Penelope N Bach   on behalf of Debtor 1 Patricia Ann Borchardt pnbach@sulaimanlaw.com,
          ecfbach@gmail.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbad
          wan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpres
          s.info
          Tom Vaughn   ecf@tvch13.net,  ecfchi@gmail.com
                                                                          TOTAL: 4
```